PER CURIAM.
Affirmed. Although we agree with appellant that the standards for determining competency to stand trial and for determining insanity are substantially different and that ordinarily evidence of a prior judicial finding of competency to stand trial in another case should not be admitted, we do not believe that harmful error has been demonstrated in this case by the admission of such evidence. While we believe that the judicial finding should not have been admitted, we do not agree that evidence of competency to stand trial is totally irrelevant to the issue of sanity presented to the jury. We also believe that appellant’s contention on appeal of prejudicial error is undermined by his failure to request an *1259 instruction delineating the difference between the concept of insanity as a defense and the concept of competency to stand trial, or to object to the instructions on the insanity defense which he now claims exacerbated the error in receiving the evidence of competency to stand trial.
More importantly, however, we believe that any error in admitting such evidence was rendered harmless by other evidence presented to the jury which explained the differences between the two concepts and the standards utilized to determine their existence. In addition the jury was presented with both lay and expert testimony on the issue of appellant’s sanity.
ANSTEAD, C.J., and LETTS and GLICKSTEIN, JJ., concur.